JOHN A. LUTHER v. STATE OF NEBRASKA.[*]

FILED DECEMBER 18, 1907. No. 15,188.

Intoxicating Liquors: KEEPING FOR SALE: QUESTION FOR JURY. The provisions of chapter 50, Comp. St. 1907, apply only to intoxicating liquors; and when a defendant charged with the offense of selling or keeping for sale without license "malt and intoxicating liquor, to wit, Malt Tonic," introduces evidence tending to show that the liquor actually sold and kept for sale by him was not intoxicating, he is entitled to have the question whether such liquor was in fact intoxicating submitted to the jury.

ERROR to the district court for Harlan county: ED. L. ADAMS, JUDGE. Reversed.

M. H. Weiss and Berge, Morning & Ledwith, for plaintiff in error.

W. T. Thompson, Attorney General, and Grant G. Martin, contra.

CALKINS, C.

This was a prosecution for the unlawful keeping and sale of liquors without license. The first count of the information charged the defendant with unlawfully keeping for sale, and the four following counts with unlawfully selling what was in each instance described as a certain "malt and intoxicating liquor, to wit, Malt Tonic." The

_____

[*] Judgment of district court affirmed February 20, 1909.

trial resulted in a verdict of guilty upon all the counts, and the defendant, having been sentenced to pay a fine upon each, brings error from such judgment.

1. There was evidence tending to show that the liquor actually sold was not intoxicating; but the court in the instructions given on its own motion told the jury that the defendant was charged with selling malt liquors, omitting the word intoxicating in each instance. Under these circumstances the defendant requested the following instructions: "(1) The court instructs the jury that one of the material allegations of the complaint is that the defendant sold malt and intoxicating liquors, and that the state must prove said allegations beyond any reason of doubt before you would be justified in finding the defendant guilty of any one of the last four counts; that, unless you find from the evidence beyond any reason of doubt that the said Malt Tonic is intoxicating, you should acquit the defendant of said counts. (2) The court instructs the jury that in the first count the defendant is charged with keeping for sale certain malt and intoxicating liquors, to wit, Malt Tonic; that before you would be justified in finding the defendant guilty on said count it is incumbent upon the state to prove beyond any reasonable doubt that the said Malt Tonic is intoxicating; that, if the state fails to prove that said Malt Tonic is intoxicating, it is your duty to acquit the defendant on said count." This request was refused, and such refusal is assigned as error. There is therefore presented the single point, should the court have submitted to the jury the question whether the liquor shown to have been kept for sale or sold by defendant was intoxicating?

The learned counsel for the state contends that the statute forbids the sale or keeping for sale of malt liquors without license, regardless of whether they are or are not in fact intoxicating, though they admit that the intoxicating properties of the liquor might be considered for the purpose of ascertaining whether or not it was a malt

liquor. Section 11, ch. 50, Comp. St. 1907, upon which the charge of unlawfully selling is founded, provides that all persons who sell or give away upon any pretext "malt, spirituous or vinous liquors or any intoxicating drinks" without license shall be deemed guilty, etc. If this clause be read with the emphasis upon the word "any," it would appear. that the legislature regarded malt, spirituous or vinous liquors as intoxicating, and intended by the words "or any intoxicating drinks" to include such intoxicating liquors as would not be embraced in the terms "malt, spirituous or vinous"; while by placing the emphasis on the word "intoxicating," it would appear that it was intended to describe malt, spirituous or vinous liquors as nonintoxicating, and to prohibit their sale, together with that of intoxicating drinks. The supposition that the legislature did not regard malt, spirituous or vinous liquors as intoxicating is incredible, and any interpretation founded upon such an assumption cannot be adopted. It is plain that the words "malt, spirituous or vinous liquors" were not used in opposition to, but synthetically with, the words "intoxicating drinks," and that this section should be construed as if it read "malt, spirituous or vinous liquors or any *other* intoxicating drinks." Section 20, under which the first count of the information in this case is framed, first makes it unlawful to keep for sale without license malt, spirituous or vinous liquors; then, dropping the term "malt, spirituous or vinous liquors," it provides that any person found in the possession of any intoxicating liquor with intent to dispose of the same without license shall be guilty of a misdemeanor; and, when it comes to prescribing the procedure, it provides for a complaint to be made that intoxicating liquor is kept for sale. This section cannot be enforced without construing the term "malt, spirituous or vinous liquors" as being used interchangeably with and meaning the same as "intoxicating liquors." It is hardly necessary to go further; but an examination of the other sections of the chapter in question shows that the words "malt, spirituous or vinous liquor," "liquors,"

"intoxicating liquors," and "intoxicating drinks" are used interchangeably throughout. There can therefore be no question that the malt liquor mentioned in the sections above quoted is an intoxicating malt liquor; and the defendant, having introduced evidence tending to show that the liquor kept and sold by him was not in fact intoxicating, had the right to have that question submitted to the decision of the jury. If it be urged that there are no non-intoxicating malt liquors, the defendant had the right to prove that the liquors kept and sold by him were nonintoxicating, for the purpose of showing that they were not malt liquors; and, having introduced testimony tending to support that theory, he had the right to have it submitted to the consideration of the jury.

This case does not involve the question whether it is sufficient in an information to charge the sale or keeping of malt liquors without the allegation that the same are intoxicating; and the cases cited to support the proposition that such an information would be sufficient are not in point. Neither is the question here presented whether the legislature might forbid the sale of harmless and non-intoxicating malt liquors, if such there be, for it has not yet attempted so to do, and it is not necessary for us to consider the cases cited for and against this proposition. In this state, legislative restriction of the sale of liquors has so far been directed to those which cause intoxication, and its attendant train of misery, vice and crime.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.